IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

JAVAN P. CHRISTIAN,            )
                               )
        Plaintiff,             )
                               )
    v.                         )   Civ. No. 05-322-SLR
                               )
HOWARD R. YOUNG CORRECTIONAL,  )
FACILITY,                      )
                               )
        Defendant.             )

**MEMORANDUM ORDER**

1.  **Introduction.** Plaintiff Javan P. Christian, a pro se litigant, has filed this action pursuant to 42 U.S.C. § 1983 and requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. (D.I. 1, 2) The court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331.

2.  **Standard of Review.** Reviewing complaints filed pursuant to 28 U.S.C. § 1915 is a two step process. First, the court must determine whether the plaintiff is eligible for pauper status. On June 13, 2005, the court granted plaintiff leave to proceed in forma pauperis. (D.I. 13)

3.  Once the pauper determination is made, the court must determine whether the action is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant immune from such relief pursuant to 28

U.S.C. §§ 1915(e)(2)(B)-1915A(b)(1).[1] If the court finds the plaintiff's complaint falls under any one of the exclusions listed in the statutes, then the court must dismiss the complaint.

4. When reviewing complaints pursuant to 28 U.S.C. §§ 1915(e)(2)(B)-1915A(b)(1), the court will apply the Fed. R. Civ. P. 12(b)(6) standard of review. See Neal v. Pennsylvania Bd. of Probation and Parole, No. 96-7923, 1997 WL 338838 (E.D. Pa. June 19, 1997)(applying Rule 12(b)(6) standard as appropriate standard for dismissing claim under § 1915A). Accordingly, the court must "accept as true the factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996). Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which

---

[1] These two statutes work in conjunction. Section 1915(e)(2)(B) authorizes the court to dismiss an in forma pauperis complaint at any time, if the court finds the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant immune from such relief. Section 1915A(a) requires the court to screen prisoner in forma pauperis complaints seeking redress from governmental entities, officers or employees before docketing, if feasible and to dismiss those complaints falling under the categories listed in § 1915A (b)(1).

2

would entitle him to relief.'"  Estelle v. Gamble, 429 U.S. 97, 106 (1976) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

5.  The standard for determining whether an action is frivolous is well established.  The Supreme Court has explained that a complaint is frivolous "where it lacks an arguable basis either in law or fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989).[2]  As discussed below, the plaintiff's claims have no arguable basis in law or fact and, consequently, his complaint shall be dismissed as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B)-1915A(b)(1).

6.  **Discussion.**  According to his complaint, plaintiff was involved in an altercation on April 4, 2005 with a sentenced inmate and, as a result, suffered neck and back injuries.  (D.I. 2)  The fight occurred at the Howard R. Young Correctional Facility, the defendant in this case.  At the time, plaintiff "was not a sentenced inmate."  (Id.)  He argues that defendant could have prevented the fight by keeping sentenced and non-sentenced inmates separated.  He seeks compensatory damages for his stated injuries.

---

[2] Neitzke applied § 1915(d) prior to the enactment of the Prisoner Litigation Reform Act of 1995 (PLRA).  Section 1915(e)(2)(B) is the re-designation of the former § 1915(d) under the PLRA.  Therefore, cases addressing the meaning of frivolousness under the prior section remain applicable.  See § 804 of the PLRA, Pub.L.No. 14-134, 110 Stat. 1321 (April 26, 1996).

7. To state a claim under § 1983, a plaintiff must demonstrate that: (1) the conduct complained about was committed by a "person" acting under color of state law; and (2) the conduct deprived the plaintiff of a federally protected right. Moore v. Tartler, 986 F.2d 682, 685 (3d Cir. 1993). The United States Supreme Court has concluded that a State and its officials acting in their official capacities are not "persons" under § 1983. Will v. Michigan Department of State Police, 491 U.S. 58, 62-71 (1989). Moreover, a state agency or a similar entity may be considered an "alter ego" or an "arm of the state" such that it is entitled to immunity under the Eleventh Amendment. Christy v. Pennsylvania Turnpike Commission, 54 F.3d 1140, 1144 (3d Cir. 1995); Green v. Howard R. Young Corr. Inst., 229 F.R.D. 99, 102 (D. Del. 2005)(recognizing that a State correctional institution is an "arm" of the State and not a "person" for § 1983 purposes). In light of this authority, the court finds that plaintiff's claims against defendant are frivolous under under 28 U.S.C. §§ 1915(e)(2)(B) - 1915A(B(1).

8. **Conclusion.** At Wilmington this 18th day of November, 2005 for the reasons set forth above;

IT IS ORDERED that plaintiff's complaint (D.I. 2) is dismissed as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B)-1915A(b)(1).

                                       _/s/_____
                                       United States District Judge